UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CIRCULATION TOOLS, L.L.C.** | \* CIVIL ACTION NO.  09-4613 |
| | \* |
| **VERSUS** | \* SECTION "R". MAG. "1" |
| | \* |
| **CHET MORRISON CONTRACTORS, L.L.C.** | \* CHIEF JUDGE SARAH S. VANCE |
| **AND M&J TESTING, L.L.C.** | \* |
| | \* MAGISTRATE SALLY SHUSHAN |
| | \* |
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | \* |

### ANSWER TO COMPLAINT AND FIRST
### AMENDED AND SUPPLEMENTAL COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come defendants, Chet Morrison Contractors, L.L.C., Jillian Morrison, L.L.C., as owner, Chet Morrison Diving, L.L.C. and Chet Morrison Services, L.L.C., as owner *pro hac vice*, charterer and/or operator of the DSV JILLIAN MORRISON (hereinafter referred to as "defendants"), and for their answer to the Complaint and First Amended and Supplemental Complaint for Damages of Plaintiff, Circulation Tools, L.L.C., aver upon information and belief as follows:

## FIRST DEFENSE

Defendants re-assert and re-aver as if copied herein *in extenso* the entirety of their Complaint for Exoneration From and/or Limitation of Liability (Record Doc. No. 1 in Civil Action No. 08-1255).

## SECOND DEFENSE

The Complaint and First Amended and Supplemental Complaint for Damages fail to state a claim against defendants for which relief can be granted.

## THIRD DEFENSE

AND NOW, for answer to the individual allegations of the Complaint and First Amended and Supplemental Complaint for Damages, defendants aver upon information and belief:

I.

The allegations contained in Paragraph No. 1 state legal conclusions for which no answer is required.

II.

Defendants deny the allegations of Paragraph No. 2, except to admit that defendants were organized or created under the laws of the State of Louisiana.

III.

Defendants deny the allegations of Paragraph No. 3.

IV.

Defendants deny the allegations of Paragraph No. 4.

V.

Defendants deny the allegations of Paragraph No. 5.

VI.

Defendants deny the allegations of Paragraph No. 6 for lack of sufficient information to justify a belief therein.

VII.

Defendants deny the allegations of Paragraph No. 7.

VIII.

Defendants deny the allegations of Paragraph No. 8.

IX.

The allegations contained in Paragraph No. 9 reference a written agreement. Said writing is the best evidence of its terms, conditions, and obligations of the parties to the instrument, and is pled as if copied herein *in extenso*. Defendants further admitted that M&J Testing, L.L.C. and its insurers owe defendants defense and indemnity.

X.

The allegations of Paragraph No. 10 are admitted.

XI.

The allegations contained in Paragraph No. 11 reference a written agreement. Said writing is the best evidence of its terms, conditions, and obligations of the parties to the instrument, and is pled as if copied herein *in extenso*. Defendants further admit that M&J Testing, L.L.C. and its insurers owe defendants defense and indemnity.

XII.

Defendants deny the allegations of Paragraph No. 12 for lack of sufficient information to justify a belief therein.

XIII.

Defendants admit the allegations contained in Paragraph No. 13.

XIV.

The allegations contained in Paragraphs IX and X of the First Amended and Supplemental Complaint for Damages do not pertain to these defendants; therefore, no answer is required.

XV.

Plaintiff's prayer for relief pertaining to these defendants is denied.

**FOURTH DEFENSE**

Further, in the alternative, defendants aver that if plaintiff suffered any injuries, as alleged, which are denied, said injuries were caused by the acts, carelessness, inattention to duty, omissions, and/or conduct of third persons, for whose fault and negligence defendants are not liable.

**FIFTH DEFENSE**

Further, in the alternative, defendants aver that if plaintiff suffered any injuries, as alleged, which are denied, said injuries were contributed to by plaintiff's own fault, negligence, and/or the fault or negligence of third parties, which fault should act as a complete bar, or in the alternative, as a mitigating factor with respect to any recovery by plaintiffs of damages herein.

**SIXTH DEFENSE**

Plaintiff's alleged damages, which are specifically denied, and any and all loss, damage, injury or destruction resulting therefrom, were in no way caused by the fault, neglect, design or want of due care on the part of defendants, their agents, servants, or employees, or anyone for whom defendants are or may have been responsible.  Alternatively, said incident was occasioned

and incurred without privity or knowledge on the parts of defendants or any of their directors, officers, stockholders or managing agents, thereby entitling defendants to limitation of liability.

### SEVENTH DEFENSE

Defendants specifically aver that plaintiff has failed to mitigate its damages, and any recovery should therefore be reduced or eliminated.

### EIGHTH DEFENSE

Defendants specifically plead that they are entitled to defense and indemnity from M&J Testing, L.L.C. and its insurers.

### NINTH DEFENSE

Defendants specifically plead that the incident arose out of a defect or vice in plaintiff's products, and any recovery should therefore be reduced or eliminated.

### TENTH DEFENSE

Defendants pray for trial by jury on all issues raised herein.

WHEREFORE, defendants, Chet Morrison Contractors, L.L.C., Jillian Morrison, L.L.C., Chet Morrison Diving, L.L.C. and Chet Morrison Services, L.L.C., as owner *pro hac vice*, charterer and/or operator of the DSV JILLIAN MORRISON pray that after due proceedings are had herein, that there be Judgment herein in favor of defendants dismissing the Complaint and First Amended and Supplemental Complaint of plaintiff, Circulation Tools, L.L.C., with prejudice, and at its cost.  Alternatively, should defendants be cast in judgment to plaintiff for any sum, defendants plead they are entitled to indemnification from co-defendants, M&J Testing, L.L.C., and its insurers, Lexington Insurance Company and Axis Surplus Lines Insurance Company.  Alternatively, defendants pray that there be Judgment herein in their favor

and against plaintiff limiting defendants' liability to the value of the DSV JILLIAN MORRISON and its freight then pending, and for all other relief as they may be entitled in this Court competent to grant.

    Respectfully submitted,

    **REICH, ALBUM & PLUNKETT, LLC**

    /s/ ROBERT S. REICH
    **ROBERT S. REICH, T.A. (#11163)**
    **LAWRENCE R. PLUNKETT, JR. (#23869)**
    **JOHN B. ESNARD III (#25664)**
    Two Lakeway Center, Suite 1000
    3850 North Causeway Boulevard
    Metairie, LA  70002
    Telephone:  (504) 830-3999
    Facsimile:  (504) 830-3950
    Email: rreich@rapllclaw.com
           lplunkett@rapllclaw.com
           jesnard@rapllclaw.com
    *Attorneys for Jillian Morrison, LLC, Chet Morrison Diving, LLC, Chet Morrison Contractors, Inc. and Chet Morrison Services, LLC as owner pro hac vice,* **charterer and/or operator of the DSV JILLIAN MORRISON**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are authorized to receive electronic service on this 25th day of September, 2009.

    /s/ ROBERT S. REICH